**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-6346**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RUDOLPH VALENTINO JACKSON, a/k/a Tripp, a/k/a Rudolph Jackson,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:19-cr-00266-1)

---

Submitted:  August 18, 2022               Decided:  August 23, 2022

---

Before WYNN, THACKER, and HEYTENS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Rudolph Valentino Jackson, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rudolph Valentino Jackson appeals the district court's order denying his second 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release.[*] We review a court's denial of a compassionate release motion for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021). We have reviewed the record and conclude that the court did not abuse its discretion and sufficiently explained the reasons for the denial. *See United States v. High*, 997 F.3d 181, 188-91 (4th Cir. 2021) (discussing amount of explanation required for denial of compassionate release motion). Accordingly, we affirm the district court's order. *United States v. Jackson*, No. 3:19-cr-00266-1 (S.D.W. Va. Jan. 12, 2022). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] In his informal brief, for the first time, Jackson also states that he seeks to appeal the district court's order denying his first motion for compassionate release. However, Jackson filed his notice of appeal almost one year after the court entered that order, and the court relied upon that order in denying Jackson's second motion for compassionate release. We therefore dismiss sua sponte Jackson's untimely appeal of the court's order denying his first § 3582(c)(1)(A)(i) motion. *United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017) ("When an appeal is filed so late that another judgment in the interim has relied on the judgment being appealed, adjudication of the appeal could unravel both the underlying judgment and the intervening judgment . . . [thereby disrupting] the finality of criminal judgments and the efficiency and fairness of our justice system.").